UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 10-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY HAYES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of several motions, including Plaintiff Michael Dean Vaughan's motion for recusal of the undersigned pursuant to 28 U.S.C. § 455. [Record No. 25] In support, Vaughan asserts claims of judicial bias based upon rulings made in earlier litigation styled: *Michael Dean Vaughan v. Mary Elizabeth Brigham, etc.,* United States District Court, Eastern District of Kentucky, Central Division at Frankfort, Civil Action No. 3: 10-005-DCR.  Finding no basis to support the relief sought, the Court will deny Vaughan's motion for recusal.

**I.**

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned."  Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540, 555 (1994):

-1-

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases.  *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006).  The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."  *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted).  In addition to waste judicial resources, granting groundless disqualification motions also encourages judge-shopping.

## II.

Vaughan seeks to have the undersigned recuse from this case because he asserts that, in an earlier litigation matter, the Court allowed the Assistant United States Attorney to engage in

"Rambo litigation tactics." More specifically, he complains that the United States was allowed to proceed with a motion to quash a subpoena served on the Kentucky National Guard before he was actually served with the pleading. Vaughan also disagrees with the manner in which the Court disposed of the motion to quash and the underlying litigation. During the course of that litigation, the Court determined that Vaughan had provided false testimony, resulting in dismissal of the case.

Following the Court's rulings, Vaughan filed a direct appeal with the United States Court of Appeals for the Sixth Circuit and also sought mandamus relief. Both appeals were unsuccessful. On May 9, 2012, the Sixth Circuit affirmed this Court's dismissal of the earlier action. That court's summary of the facts is relevant to the present motion. As the Sixth Circuit indicated,

> Seeking injunctive relief and monetary damages, Vaughan brought a diversity action against Mary Elizabeth Brigham, claiming defamation, false light, and intentional infliction of emotional distress. Vaughan's suit was the result of an unsuccessful relationship between himself and Brigham. After the relationship fell apart, pornographic images of Brigham were sent via an anonymous e-mail to her friends and family. Brigham believed that Vaughan was the culprit, and she contacted Vaughan's employer, the Kentucky National Guard (Guard), and informed the Guard of her beliefs. The Guard conducted an investigation and brought charges against Vaughan for engaging in conduct unbecoming an officer. In response, Vaughan brought suit against Brigham.
>
> Brigham did not respond to Vaughan's complaint, but instead of moving for default judgment, Vaughan sought to take discovery of the Guard. The district court issued an order granting the Guard's motion to quash Vaughan's requests for discovery. Vaughan petitioned this court for a writ of mandamus in which he asked this court to vacate that order and all subsequent orders. He also sought disqualification of the district court judge. This court denied Vaughan's petition. While Vaughan's petition for a writ of mandamus was pending, the district court dismissed Vaughan's case as a sanction for his contumacious conduct. In particular, after evidentiary hearings, the district court concluded that Vaughan

had acted in bad faith and had committed perjury. Consequently, the district court dismissed Vaughan's complaint with prejudice and denied his subsequent motion for reconsideration.

On appeal, Vaughan's over arching contention is that the district judge was biased against him, and he cites the following examples of judicial bias: (1) the district court failed to impartially apply the Federal Rules of Civil Procedure and denied him due process of law; (2) the district court improperly made adverse credibility determinations; (3) the district court improperly allowed the U.S. Attorney's Office to represent the Kentucky National Guard; and (4) the district court improperly dismissed his case with prejudice. . . .

After summarizing the law applicable to the issues presented by Vaughan, the court determined that dismissal of the case was entirely appropriate under the circumstances presented.

> The record shows that the district court properly exercised its discretion when it dismissed Vaughan's case. Instead of resolving his defamation suit against Brigham, Vaughan improperly used his defamation suit to challenge the Guard's internal disciplinary process and its punishment of him. Therefore the first *Knoll* factor weighs in favor of finding the proper exercise of the district court's discretion. In addition, the district court, in no uncertain terms, determined that Vaughan had lied to the court. The district court specifically cited Vaughan's testimony at a September 28, 2010 hearing that was, "at best, difficult to believe." Vaughan testified that his sworn statement given during the course of the Guard's disciplinary investigation was "coached" and "coerced" by a superior officer in the Guard. He also claimed that his sworn statement was inaccurate because he made it while he was under the influence of narcotics.
>
> The district court expressed its incredulity and noted that "despite [Vaughan] . . . being so high as to render him unable to tell the truth, Vaughan's statement contained remarkably accurate detail of the events leading up to this dispute." The district court went on to note that, "Vaughan later testified that every single fact provided in the statement was accurate, except the single paragraph that was damning to his present claims." Thus, Vaughan failed to meet his burden of showing that his behavior was due to inability, not willfulness or bad faith.
>
> The second *Knoll* factor also weighs in favor of finding an appropriate exercise of the district court's discretion. The Guard has been prejudiced by being forced to defend against Vaughan's improper attempt to use his underlying defamation case to collect discovery from it. With respect to the third *Knoll* factor, the record reveals that the district court warned Vaughan verbally and via written notice that

-4-

false testimony would be punished. Finally, the district court plainly considered other sanctions, but after "considering Vaughan's conduct throughout [the] proceeding," the district court specifically noted that, in order to effectuate its sanction, a dismissal with prejudice was necessary. In light of Vaughan's conduct, including his apparent intent to impede the Guard's disciplinary proceeding against him, we cannot say that the district court abused its discretion.

Accordingly, we affirm the district court's judgment . . .

*See Vaughan v. Brigham*, Case No 11-5981 (6th Cir., May 9, 2012). In summary, Vaughan's claims of error were misguided. Dismissal of the prior action against Mary Brigham was proper in light of Vaughan's perjury and other improper conduct.

### III.

As noted previously, recusal is not required when the requested relief is based on judicial rulings and determinations. Likewise, a party may not base a motion for recusal on an adverse credibility determination of the Court. *Rhiel v Hook (In re Johnson),* 408 B.R. 123 (Bankr. S.D. Ohio, June 25, 2009). Here, the Plaintiff has not identified any basis requiring recusal of the undersigned. And while Vaughan makes contemptuous assertions that "you lied," it appears that he is simply screaming at a mirror, albeit very loudly and repeatedly. However, neither his tone nor his persistence is of any consequence. Accordingly, it is hereby

**ORDERED** that Plaintiff Michael Dean Vaughan's motion for recusal [Record No. 25] is **DENIED**.

This 10th day of May, 2012.



Signed By:
<u>Danny C. Reeves</u> DCR
United States District Judge