UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-54-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On March 23, 2012, the United States moved to substitute itself as a party for Defendant Colonel Rodney Hayes. [Record No. 18] The Court granted the United States' motion and substituted the United States for Hayes on October 18, 2012. [Record No. 45] The matter is now pending for consideration of Defendant United States' motion to dismiss for lack of jurisdiction. [Record No. 19] The United States argues that this matter should be dismissed because: (1) Vaughan failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"); (2) the FTCA's limited grant of jurisdiction expressly does not waive sovereign immunity for the intentional torts of libel and slander; and (3) the claims arises out of Vaughan's military service and, therefore, are barred by the doctrine of intra-military immunity. [Record No. 19-1, p. 1] For the reasons discussed below, the Court will grant the United States' motion.

**I.**

This action, as well as several others, arises out of an investigation regarding Michael Vaughan conducted by the Kentucky National Guard.[1] The complaint concerns two incidents regarding the investigation: (1) a meeting held by Colonel Rodney Hayes on August 18, 2009; and (2) a hearing regarding Vaughan's "federal recognition" held on July 9, 2011. [*See* Record No. 16.] In his First Amended Complaint, Vaughan alleges that he was called into a meeting by Hayes regarding allegations made by Mary Kounovsky/Brigham ("Brigham").[2] [*Id.*, p. 1] Vaughan alleges that, at this meeting, he was advised of a complaint made by Brigham, and that Hayes had determined that Vaughan:

a. posted pornographic material purporting to be of Brigham on the Internet,

b. contacted 'peers within [Brigham's] workplace in order to harass [her],'

c. created separate online personas in order to harass [Brigham],

d. engaged in an extramarital sexual relationship with [Brigham].

[*Id*., p. 2] Vaughan alleges that Colonel Hayes "made these statements of fact in the presence of a number of individuals at this meeting." [*Id.*] Vaughan alleges that, as a result of this meeting and Hayes' statements, he has "sustained deprivations to his civil rights, suffered and will continue to suffer from mental distress with resulting physical manifestations, humiliation, embarrassment, and defamation of his character and reputation." [*Id.*]

---

[1]This action is closely related to several other cases brought by Vaughan. *See* Civil Action Nos. 2: 12-53, 3: 10-05, 3: 10-54, 3: 12-33, 3: 12-34-DCR, 3: 12-35-DCR.

[2]A more complete statement of the facts of this case can be found in the Memorandum Opinion and Order entered October 18, 2012. [*See* Record No. 45]

The other incident alleged in the complaint is a Withdrawal of Federal Recognition Board hearing ("Board hearing") that occurred on July 9, 2011. Vaughan alleges that Hayes testified during the Board hearing that he "conducted a detailed forensic investigation surrounding allegations" made by Brigham. [*Id.*] Vaughan further alleges that Hayes "advised the board that the investigation[']s results determined that no evidence existed that corroborated any of [Brigham's] allegations though [Hayes] publicly stated he still believed that [Vaughan] had engaged in the alleged activities." [*Id.*] Vaughan also claims that Hayes stated that his office had not been in contact with anyone in the Thurston County Sheriff's office since August of 2009. [*Id.*]

Based on these incidents and statements, Vaughan filed this cause of action against Colonel Hayes alleging Defamation, Slander, and Libel; Invasion of Privacy; False Light; and Intentional Infliction of Emotional Distress/Outrage. Vaughan requests $1,000,000 in compensatory damages, punitive damages, an injunction against the United States from publishing any more statements regarding the investigation, and an "order to third parties where the Defendant has published his defamatory statements that all such material is stricken from any records either on or off the internet." [Record No. 16, p. 5] After the complaint was filed, the United States moved to substitute itself as a party for Hayes, arguing that Hayes was acting within the scope of his employment during the incidents in question. [Record No. 18] By Memorandum Opinion and Order dated October 18, 2012, the Court held that Hayes was acting within the scope of his employment and substituted the United States as the Defendant.

**II.**

Federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Once jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). The plaintiff has the burden of establishing subject matter jurisdiction to survive the defendant's Rule 12(b)(1) motion to dismiss. *Giesse v. Sec'y of Dept. Of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

**III.**

The United States has moved to dismiss Vaughan's First Amended Complaint for lack of jurisdiction, arguing that his claims are barred by the FTCA, sovereign immunity, and intra-military immunity. Although the Court finds that Vaughan's claims are barred by his failure to exhaust his administrative claims, the Court will also address the United States' claims of sovereign immunity under the FTCA.

    1.    <u>Failure to Exhaust Administrative Remedies</u>

The United States argues that Vaughan's claim should be dismissed due to his failure to exhaust his administrative remedies as required by the FTCA. Tort claims against federal employees can only be brought under the terms and conditions under the FTCA, which states

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment*, unless the claimant shall have

> first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "Prior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies." *Bumgardner v. United States*, 2012 WL 858647, *2 (6th Cir. 2012). The Sixth Circuit has held that this exhaustion requirement is jurisdictional. *Id.* (citing *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996)). Therefore, if a plaintiff has failed to fulfill the administrative requirements of the FTCA, the case must be dismissed for lack of jurisdiction. *Dolan v. United States,* 514 F.3d 587, 592 (6th Cir. 2008).

The Court has previously determined that Hayes was acting within the scope of his employment during the events in issue. [*See* Record No. 45.] As a result, Vaughan's claims are actually claims under the FTCA and are subject to the administrative exhaustion requirements of the FTCA. *See Dolan*, 514 F.3d at 593 ("[I]f the defendant federal employee was acting in the scope of his or her employment, substitution of the United States as a defendant is appropriate and the district court 'must assess the plaintiff's claims pursuant to the [FTCA]'"). Vaughan does not show – or even attempt to show – that he has satisfied the exhaustion requirement of the FTCA. Instead, he admits that "[i]f Hayes acted intentionally and within the scope of his employment, then the substitution of the United States would mean immunity for both Hayes individually as well as the United States." [Record No. 26, pp. 2-3]

Additionally, Vaughan's failure to file an administrative claim to the appropriate governmental agency within two years of its accrual is to fatal his claim that arises out of events

occurring on August 18, 2009. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing."). The Board hearing occurred on July 9, 2011, less than two years ago. However, the meeting which led to Vaughan's firing occurred on August 18, 2009. More than two years have passed since that date; thus, this portion of his claim is "forever barred" because of his failure to exhaust his administrative remedies.

2. Sovereign and Intra-military Immunity

The United States also contends that Vaughan's claims should be dismissed because the FTCA provides only a limited sovereign immunity waiver that does not include the intentional torts of libel and slander. [Record No. 19-1, pp. 6-7] In response, Vaughan agrees that the "FTCA does not cover intentional torts of federal employees and the notice of substitution of the United States was simply the logical precursor to the United States moving to dismiss the intentional tort and punitive damage claims under the FTCA's protection of sovereign immunity." [Record No. 26, p. 3]

The FTCA provides a limited waiver of sovereign immunity from civil tort actions, with certain exceptions. *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004). Among those exceptions are the intentional torts of libel and slander. Thus, the statute expressly does not waive sovereign immunity regarding such claims. The Act provides that 28 U.S.C. § 1346(b) shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference

with contract rights. . ." 28 U.S.C. § 2680(h) (emphasis added). Because Vaughan's claims arise out of the intentional torts of libel and slander, they are barred by the sovereign immunity of the United States. As a result, dismissal is also appropriate for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2680(h).

Finally, the United States argues that Vaughan's claims should be dismissed because they are barred by the *Feres* Doctrine of intra-military immunity. The United States argues that the Board hearing held on July 9, 2011, was a military proceeding, because it was a "Board to Withdraw the Federal Recognition of 1LT Michael Vaughan [] that was conducted on July 9th, 2011." [Record No. 19-1, p. 7] Vaughan responds that "the Feres Doctrine is not applicable in this case as the actions alleged against the defendant did not occur when the plaintiff was in a military status nor were the allegations made by [Brigham] to the defendant related to any actions that would be justiciable by the KY Army National Guard." [Record No. 26, p. 6] However, inasmuch as the Court finds that this cause of action must be dismissed for the failure to exhaust administrative remedies and because of the United States' immunity from claims of libel and slander, the Court need not address whether Vaughan's claims arise "incident to Military Service." *See Feres v. United States,* 340 U.S. 135, 138 (1950); *see also Orloff v. Willoughby,* 345 U.S. 83, 93-94 (1953) ("Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.") Because deciding whether Vaughan's cause of action arises incident to his military service is not necessary to determine the viability of his claim, the Court declines to do so here.

**IV.**

For the reasons discussed above, it is hereby

**ORDERED** that the United States' motion to dismiss [Record No. 19] is **GRANTED**. This matter is **DISMISSED**, with prejudice, and stricken from the Court's docket.

This 5th day of December, 2012.

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**